## CHARLESTON.

A. T. GOODWIN *et al.* v. TONY POCAHONTAS COAL COMPANY

Submitted February 15, 1921.   Decided February 22, 1921.

1. NEW TRIAL—*Verdict Not Set Aside Because of Weight of Evidence of One Witness Over Another.*

   While an engineer who made the measurements of the quantity of material within a certain space to be excavated, before the work was done, may have been in a better position to make accurate measurements than an engineer whose calculations were made from measurements after the work was done, this will not give to the calculations of the former such a degree of finality as to justify setting aside the verdict of a jury based upon the measurements of the latter.   (p. 51).

2. WITNESSES—*May be Impeached by Showing Previous Inconsistent Conduct.*

   Evidence of a witness may be impeached by showing his previous conduct inconsistent therewith.   (p. 52).

3. TRIAL—*Evidence Competent for Any Purpose Properly Admitted Over General Objection.*

   Evidence competent for any purpose is properly admitted over a general objection.   If the party against whom it is offered would have it limited to a particular purpose, he must move the court to that end.   (p. 52).

4. NEW TRIAL—TRIAL—*Order of Introducing Testimony Discretionary; Verdict Not Set Aside Because of Premature Introduction of Testimony.*

   The order of introducing testimony is largely in the discretion of the trial court, and even though it appear that testimony has been introduced at a time at which it was not admissible, if the subsequent developments of the trial make it admissible before the case is finally submitted to the jury, a verdict will not be set aside because of the premature introduction of such testimony.   (p. 52).

Error to Circuit Court, McDowell County.

Action by A. T. Goodwin and others against the Tony Pocahontas Coal Company.   Judgment for plaintiffs, and defendant brings error.

*Affirmed.*

*Litz & Harman* and *G. W. Howard,* for plaintiff in error.
*Sanders & Crockett* and *A. G. Fox,* for defendants in error.

RITZ, PRESIDENT:

This writ of error seeks reversal of a judgment in favor of the plaintiffs for a balance claimed to be due them for certain work done under a contract, providing for the grading of a siding for the defendant. The contract sued on is not in controversy, and simply provided for the doing of the work at a certain stipulated price per yard. It provided no method for ascertaining the quantity, and when the work was completed the parties were unable to agree upon the number of yards of excavation, and this suit resulted from that disagreement.

The plaintiffs contend that at the time they entered upon the work under the contract defendant, through its engineer in charge, agreed to furnish them cross sections of the work to be done; that he was called upon a number of times therefor, and failing to furnish the same they employed an engineer to make cross sections of so much of the work as had not been done, and also of that part of the work which had been done. After the work was done they had this engineer calculate the quantities from the measurements taken by him upon the ground, both as to the work which had been done when he took the measurements, and as to that part of it which then remained to be done.

He ascertained that there had been removed 8238.8 cubic yards of material. The defendant's engineer likewise calculated the quantity from his measurements made on the ground before the work was undertaken, and ascertained that there were only 5160.77 cubic yards. Payment was made before and at the trial for this quantity, and this controversy involves the excess. The trial resulted in a verdict in favor of the plaintiffs for substantially what they claimed. The defendant insists that this verdict cannot be sustained, for the reason that the estimates submitted in evidence by the plaintiffs, upon which the verdict is based, are not trustworthy, and should not be allowed to stand in opposition to the estimates made by its engineer, and second, because the court admitted in evidence proof of an agree-

ment had between the parties, after the controversy arose, to submit the same to the determination of another engineer.

As before stated, the contract provided for the payment to the plaintiffs of $1.15 for each yard of material excavated, and the sole question which the jury had to decide was the quantity of this material. The defendant's engineer contends that he accurately measured the ground before the work was done, and accurately calculated the quantities from these measurements, while the plaintiff's engineer claims that as to the work remaining to be done at the time he made his measurements the same were absolutely accurate, and that as to the work which had then been done they were as accurate as could be made under the conditions then existing; that in making his measurements he had to guide him some of the stakes yet remaining, the slope of the ground above the cut, and information furnished him by the men who actually did the work, and that from this he was able to make a reasonably accurate calculation as to the number of yards actually removed. Not only is there a substantial difference between the measurements made by these engineers as to the quantity of work which had been done at the time the plaintiff's engineer made his measurements, but there is likewise such a difference as to the work which then remained to be done. As to the work which remained to be done at that time, admittedly the engineer employed by the plaintiff was in just as good a positon to ascertain the quantities as the defendant's engineer, and there is no suggestion but that he was just as competent for this purpose. His calculation makes this quantity 855 yards more than it is ascertained to be by the defendant's engineer. It is admitted, both by the plaintiffs and by their engineer, that he was not in position to make as accurate measurements of the quantities removed before he went upon the ground as he would have been had he made his measurements before the removal of the material, and as to this work it may be said that the defendant's engineer had superior information and better opportunity to make correct measurements than the plaintiffs' engineer. But this is not conclusive of the question. There are many suggestions in the evidence of inaccuracies in the work done by the defendant's engineer in other

particulars, and particularly it is testified by the engineer employed by the plaintiffs that the defendant's engineer furnished him a profile of the work as well as cross sections thereof, and that there was a very substantial difference between the quantity of the work shown by the profile made by the defendant's engineer and the quantity as shown by his cross sections. The jury had this evidence before them and they were the judges and the sole judges as to what weight should be given to the evidence of the witnesses. There was no other way of ascertaining the quantity of material removed by the plaintiffs except to measure it, and while it is admitted that this method might not be absolutely accurate because of the unevenness of the ground, still it was the only practicable method which could be adopted, and it is shown that the result reached, if the measurements were accurately taken, was in all probability within a very few yards of the actual amount of material removed. There is nothing in the nature of the defendant's evidence to give to it the character of finality upon this question. It is quite as probable that the defendant's engineer made mistakes in his measurements and calculations as that the plaintiffs' engineer did. In fact, the jury may well have concluded, because of the discrepancies pointed out in the work of defendant's engineer, that the same was not done with the same care and accuracy as characterized the work done on behalf of the plaintiffs. We think, upon the question as to the quantity of material removed by the plaintiffs, the jury's verdict is not in conflict with such a substantial preponderance of the evidence as would justify setting aside upon that ground.

It is insisted, however, that it was error for the court to permit the plaintiffs to introduce in evidence an agreement had between the parties after the controversy arose to submit the same for decision to an engineer mutually chosen by them. It is contended that this evidence had no tendency to prove any issue involved in the case. It was apparent from the very beginning of the trial, and particularly from cross-examination of the plaintiffs' engineer, that the defendant's contention would be that the estimates made by him as to the quantities removed before he had made any measurements were so uncertain and

indefinite as to be unworthy of belief; in fact, that it was impossible to make any measurements after the work was done from which a reliable calculation could be made as to the quantity of material removed, and when the defendant's engineer was placed upon the stand he testified that it was an absolute impossibility to make a reliable estimate as to the amount of material excavated after the excavation had been made. He was the very man who made the agreement to submit the question in controversy to the determination of a third engineer, and his conduct in agreeing that a disinterested engineer might take their work and make his measurements upon the ground, and ascertain the actual quantities, was entirely inconsistent with the testimony he gave that it would be absolutely impossible to make any reliable calculation from such information. This evidence would, therefore, have a tendency to contradict and impeach the evidence given by the engineer of the defendant when he was upon the witness stand to the effect that it was not possible to make any reliable measurements after the work had been done and if it was competent for any purpose it was properly admitted over a general objection. *Perkins* v. *Traction Co.,* 81 W. Va. 781. If the defendant had desired to have it limited to that particular purpose it was incumbent upon it to move the court to do so. It is true this evidence was introduced in advance of the testimony offered by the defendant through its engineer that such an estimate was not worthy of any credence, but as before stated it was perfectly apparent that this would be a substantial part of the defense, and while the evidence may have been incompetent at the time it was offered, it subsequently became competent for the purpose of impeaching the testimony of the defendant's engineer in the regard above pointed out. The fact that it was introduced out of its proper order will not justify a reversal of the judgment.

There being no error in the judgment complained of, the same is affirmed.

*Affirmed.*