# CHARLESTON.

STATE v. ATWELL

(No. 6593)

Submitted May 7, 1930. Decided May 27, 1930.

*Harman & Howard,* for plaintiff in error.

*Howard B. Lee,* Attorney General, and *W. Elliott Nefflen,* Assistant Attorney General, for the State.

LITZ, JUDGE:

The defendant, Cleveland Atwell, was convicted of murder in the second degree for the homicide of Sherman Darby, who, and his brother, Ernest Darby, suffered almost instant death from gunshot wounds inflicted by the defendant about 9:15 p. m. June 9, 1928, at Hensley, a mining town in McDowell County. The three men were married, living, with their families, at Hensley as employees of the Fordson Coal Company. Sherman Darby and Atwell, each of whom had several small children, occupied neighboring houses, separated by inclosures. The tragedy was the result of ill feeling growing out of family quarrels between the two households over their children. Mrs. Sherman Darby had been fined by a justice some time previously for "abusing" the Atwell children; and two or three hours before the shooting an altercation occurred between her and Atwell which she at the time provoked by accusing the Atwell children of throwing rocks at her children. The quarrel was taken up by her husband, who attempted to invade

the premises of Atwell to execute threats of violence against him, but was restrained by her and her father from so doing. When Darby started toward Atwell, the latter retired to his house, and, securing a revolver, returned to his yard, where he stood for a while holding the gun in his hand awaiting the movements of Darby. The shooting occurred about three-fourths of a mile from the place of the first encounter. Ernest Darby wore a white shirt without coat or vest.

The theory of the state is that the defendant, without provocation, attacked the Darbys. The defendant, on the other hand, relies upon self-defense, claiming that he had been attacked by them in such manner as to cause him reasonably to apprehend death or great bodily harm at their hands.

The points of error are: (1) That the evidence does not warrant the verdict; and (2) that improper evidence highly prejudicial to the defendant was admitted over his objection. We are of opinion that the issues were properly submitted to the jury, and that its finding should not be set aside as being contrary to the evidence.

The rulings on the evidence, complained of, involve the admission (1) of the shirt worn by Ernest Darby, showing the location of the bullet wounds on his body; (2) the evidence of Paul Collins, brother-in-law of the Darbys, that he observed, on reaching the scene of the tragedy "about eight or ten minutes" thereafter, a cigarette (which had never been lighted) in the mouth of Ernest Darby and an unused match in "the wrinkle of his pants"; and (3) the testimony of Cleve Underwood that he also discovered on arriving at the scene of the difficulty "about thirty minutes" thereafter a cigarette on the ground about two inches from the mouth of Ernest Darby. The particular testimony of the two witnesses was introduced in rebuttal at the close of a long trial. The admission of the shirt is objected to because it was not shown to have been in the same condition it was in immediately after the shooting. For that reason, the defendant, contends that it was improperly admitted in so far as it showed no powder marks, a fact relied on by the state to support the theory of murder. The objection to its admission was general. The shirt was at least proper evidence to demonstrate the location of the wounds;

and, if improper as "real evidence" to prove the absence of powder marks thereon, the defendant s hould have requested the court to limit its evidentiary value to the first purpose. "Evidence competent for any purpose is properly admitted over a general objection. If the party against whom it is offered would have it limited to a particular purpose, he must move the court to that end." *Goodwin* v. *Tony Pocahontas Coal Co.*, 88 W. Va. 49, 106 S. E. 76.

It appears that many persons had viewed the bodies of the deceased before the arrival of Paul Collins, none of whom testified concerning the alleged cigarette or match. Joe Walker, the first to view the body of Ernest Darby, was examined as a witness for the state without being interrogated concerning either. Moreover, Collins had already testified for the state during the presentation of its case in chief, without intimating that he was withholding vital testimony. Furthermore, it does not appear that the defendant had been informed of the questioned evidence. If proper, it should have been introduced as part of the state's case in chief. Although the order of proof is, as a rule, within the discretion of the trial court, an exception arises where it appears that the party objecting was, or may have been, prejudiced by the irregular admission of evidence. "The prosecution cannot improperly withhold evidence which should be introduced in chief and then introduce it in the guise of rebuttal." 16 C. J. p. 869. The principle should apply with especial emphasis in a case like this, where the state fails to examine the witness or witnesses acquainted with the situation.

In view of the peculiar facts and circumstances affecting the testimony in question, we are of opinion that the defendant was legally prejudiced by the order of its admission, in the absence of the testimony of any of the numerous persons, including Joe Walker, who viewed the bodies before either Collins or Underwood; and for this error the judgment should be reversed, verdict set aside, and a new trial awarded.

*Reversed; new trial awarded.*